UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OMURBEK TOKTOSUNOV,<br><br>               Petitioner,<br><br>   v.<br><br>CAMMILLA WAMSLEY, et al. ,<br><br>               Respondent. | CASE NO. 2:25-cv-01724-TL-BAT<br><br>**ORDER GRANTING MOTION TO EXPEDITE, DIRECTING SERVICE, AND GIVING NOTICE OF RIGHT TO CONSENT** |

On September 8, 2025, Petitioner by counsel filed a 28 U.S.C. § 2241 petition for writ of habeas corpus. Dkt. 1. On September 9, 2025, Petitioner moved *ex parte* to expedite this matter. Dkt. 4.

    1.    The Court retains the discretion to determine when an answer or response to a § 2241 habeas petition is due. *See, e.g., Clutchette v. Rushen*, 770 F.2d 1469, 1474–75 (9th Cir. 1985) (pursuant to Habeas Rule 4, the federal court has discretion to fix a time to file an answer beyond the time periods set forth in 28 U.S.C. § 2243). Hence the Court declines to adopt Petitioner's suggestion the Court should order a response within days of filing in every habeas petition.

    2.    Rather, the Court examines the allegations and circumstances of each case in determining the due date of a response. In examining the allegations in this case, the Court finds

there is a basis to accelerate this matter. Petitioner alleges in his habeas petition he entered the United States in 2024, was apprehended shortly after entry, and was detained. In July 2025, an immigration judge (IJ) granted his application for asylum. However, the Department of Homeland Security (DHS) appealed the IJ's decision to the Board of Immigration Appeals (BIA) and Petitioner has thus remained in detention. Although Petitioner has now been detained for over 13-months he has never been afforded a bond hearing. *See* Dkt. 1. Given the length of his detention without ever having a bond hearing, and the fact an IJ has granted asylum, Petitioner contends his prolonged detention, which he indicates is under § 1225(b), violates due process. Petitioner thus requests the Court to order his release unless he is granted a custody hearing before an IJ within 14 days of any final order granting his habeas request for relief. Alternatively, Petitioner requests the court conduct a custody hearing to determine whether continued detention is justified and if not order his release.

3. In finding acceleration is appropriate, the Court notes this is not a case in which Petitioner was recently taken into custody. Rather, Petitioner avers he has now been in custody for over a year and has never been afforded a custody or bond hearing. Further, the Court notes that as an IJ has granted Petitioner's asylum application, ostensibly, the only reason he remains detained is because Respondents have appealed the IJ's determination to the BIA. Additionally, even assuming Petitioner is detained under § 1225 which provides no statutory basis for a detention hearing, due process compels a detention hearing once detention is deemed prolonged. Given these circumstances, the Court concludes it is appropriate to expedite this matter.

4. Accordingly, the Court **ORDERS:**

    a. The motion to expedite, Dkt. 4 is **GRANTED** as set forth below.

    b. Respondents shall file a response to the habeas petition no later than **September**

**19, 2025.** Respondents may file a motion to dismiss along with their response, and the Court accordingly declines Petitioner's request that no such motion be filed. Any reply Petitioner wishes to file shall be due on **September 23, 2025**, and the Clerk shall note the matter for **September 24, 2025** as ready for the Court's consideration.

    c.    The parties have a right to consent to the undersigned Magistrate Judge. Consent is voluntary and counsel for the parties are directed to indicate whether they consent or decline consent by emailing deputy clerk andy_quach@wawd.uscourts.gov. If the parties consent, the undersigned magistrate judge will preside over the entire case through judgment. If the parties decline consent, the case will remain assigned to District Judge Lin. If consent is declined and this matter is referred to the undersigned, the Court declines, at this point, to alter the statutory objection period. The parties should advise deputy clerk Quach no later than **September 12 2025**, whether they consent or decline consent.

    d.    The clerk is directed to immediate effectuate service of the habeas petition filed in this case upon respondents and shall immediately email a copy of this order to usawaw.Habeas@usdoj.gov.

DATED this 9th day of September, 2025.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge